**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4532-16T4

IN THE MATTER OF Y.M.,
An Incapacitated Person.

_____

Submitted May 22, 2018 — Decided June 8, 2018

Before Judges Yannotti and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Probate Part, Hudson County, Docket No. 311057.

SB2, Inc., attorneys for appellant Hudson View Care & Rehabilitation Center (John Pendergast, on the brief).

Helen C. Dodick, Acting Public Guardian, attorney for respondent Office of the Public Guardian for Elderly Adults of New Jersey (Jonathan A. Pfoutz, on the brief).

PER CURIAM

Hudson View Care & Rehabilitation Center (Hudson View) appeals from a May 5, 2017 order, which denied its motion to appoint a guardian of the estate and property of Y.M., an incapacitated adult, to replace the Office of the Public Guardian (OPG). We affirm.

The following facts are taken from the record. Y.M. was adjudicated incapacitated in September 2015, and a guardian from OPG was appointed by the motion judge. Y.M. resides at Hudson View, a skilled nursing facility, and is indigent. As Y.M.'s guardian, OPG is responsible for Y.M.'s care, comfort, and maintenance. Because many of OPG's wards, including Y.M., have limited financial means, OPG is charged with applying for Medicaid benefits to meet the ward's needs, which in this case included payment of care costs and expenses at Hudson View.

Here, OPG filed a Medicaid application on behalf of Y.M. in October 2015, which was denied in May 2016. OPG appealed the Medicaid denial, but withdrew its appeal prior to a hearing before the administrative law judge (ALJ). Hudson View then filed an emergent motion before the Probate Part judge to remove OPG as Y.M.'s guardian, and instead appoint Sam Stern of Future Care Consultants or Paul McGinley, a nurse at various skilled facilities, as Y.M.'s guardian.

Hudson View contended OPG had made errors in the Medicaid application process, which resulted in the denial of benefits. Specifically, Hudson View asserted Y.M.'s application had been denied because her income exceeded the threshold to receive Medicaid benefits, and OPG had failed to create a qualified income trust in order to qualify Y.M. for benefits. Hudson View argued

OPG had harmed Y.M.'s interest, and thus sought the appointment of Stern or McGinley, who had been appointed in similar actions in Camden County, to pursue creation of a trust and secure Medicaid benefits for Y.M.

The motion judge issued a written opinion denying Hudson View's motion. The judge found Hudson View had

> fail[ed] to properly address [Y.M.'s] best interests and prove how actually OPG abused or disobeyed the [c]ourt's trust or [o]rder. [Hudson View] merely seeks its own interest in satisfying [Y.M.'s] debt to the facility. [Hudson View] had provided no information about [Y.M.] herself. The [c]ourt had only been made aware that [Y.M.] lives at the facility and owes her caretakers money. At no point has the [c]ourt been made aware of [Y.M.'s] dissatisfaction with OPG. Further, [Hudson View] has provided no legal authority as to why [it is] entitled to any information as to [Y.M.'s] Medicaid application.
>
> Moreover although [Hudson View] claims that appointing Stern . . . and McGinley . . . as guardians involves no conflict of interest, the [c]ourt finds that their involvement in previous litigation represented by the same counsel for the same issue and their similar fields of work does create a conflict. Further, the [c]ourt will not consider a third party to be appointed as the [c]ourt does not find that [Hudson View] has alleged sufficient proof or reason to remove OPG.

This appeal followed.

We begin by reciting our standard of review. The ability of the Probate Part to appoint a guardian, confer the court's power

to exercise control over a ward's estate and affairs on a guardian, and the authority to remove a guardian is broad and discretionary. Matter of Mason, 305 N.J. Super. 120, 128-29 (Ch. Div. 1997); see also In re Quinlan, 70 N.J. 10, 44-45 (1976). Therefore, we review the motion judge's determination here for an abuse of discretion. Wolosoff v. CSI Liquidating Tr., 205 N.J. Super. 349, 360 (App. Div. 1985).

"The exercise of . . . discretion will be interfered with by an appellate tribunal only when the action of the trial court constitutes a clear abuse of that discretion." Salitan v. Magnus, 28 N.J. 20, 26 (1958). A trial court decision will only constitute an abuse of discretion where "the 'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

On appeal, Hudson View argues the motion judge abused her discretion "by refusing to exercise oversight over OPG and its statutory duty to provide for the care, comfort[,] and maintenance of Y.M." Specifically, Hudson View argues the motion judge was aware of OPG's failure to secure Medicaid benefits resulting in Y.M. accumulating debt she was unable to pay. Hudson View asserts the motion judge failed to compel OPG to explain why Y.M.'s

application was denied, and ignored OPG's dereliction of its statutory duty to assure the care, comfort, and maintenance of Y.M.  Therefore, Hudson View argues the motion judge abused her discretion by denying Hudson View's emergent motion.

The court's authority to appoint guardians resides in N.J.S.A. 3B:12-25, which provides in part, "[t]he Superior Court may determine the incapacity of an alleged incapacitated person and appoint a guardian for the person, guardian for the estate or a guardian for the person and estate."  The statute further provides that where the ward lacks a spouse, domestic partner, heirs or friends, "[l]etters of guardianship shall be granted [as a matter of] first consideration . . . to the [OPG.]"  Ibid.

Nevertheless, the court retains authority over the ward's person and estate.  N.J.S.A. 3B:12-36.  Indeed, "[t]he court has, for the benefit of the ward, the ward's dependents and members of his household, all the powers over the ward's estate and affairs which he could exercise, if present and not under a disability, . . . and may confer those powers upon a guardian of the estate." N.J.S.A. 3B:12-49.  Thus, pursuant to N.J.S.A. 3B:14-21, the court may exercise its discretion to remove a guardian where, among other grounds, the guardian "(b) . . . neglects or refuses to perform or obey the order or judgment within the time fixed by the

court; . . . [or](c) . . . abuses the trust and confidence reposed in the fiduciary[.]"

We find no abuse of discretion in the motion judge's denial of Hudson View's emergent motion to remove OPG. As the judge noted, aside from the payment of Y.M.'s debt to the facility, Hudson View provided no other information to convince the judge Y.M. was dissatisfied with OPG. Likewise, we agree with the motion judge the appointment of Stern or McGinley as guardian for Y.M. presented a conflict of interest Hudson View failed to overcome. Other than to disagree with the motion judge's finding on the conflict issue, Hudson View provides no facts or law demonstrating the judge's decision was erroneous.

Finally, and perhaps most importantly, while OPG may have withdrawn its appeal of the first Medicaid denial, it filed a second application and continued to seek Medicaid eligibility for Y.M. Indeed, OPG's letter to the ALJ withdrawing its appeal stated it "ha[d] determined that no basis exists to move forward with the hearing, and had chosen instead to focus upon the current, pending application." (emphasis added). Therefore, under these circumstances, it was not an abuse of discretion for the motion judge to deny Hudson View's request to remove OPG.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4532-16T4